IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| DAVID W. LOWERY, | ) | CASE NO. 4:06CV00040 |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's March 24, 2004 protectively filed claim for a period of disability, disability benefits and supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq. is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will recommend that an order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment and DISMISSING this case from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff had past relevant work as a computer technician/instructor and a sales representative/manager, had not engaged in substantial gainful

activity ("SGA")¹ since his alleged date of disability onset, June 6, 2001, and was insured for benefits through at least September 30, 2006. (R. 12, 14, 19.) The Law Judge further found that plaintiff is positive for human immunodeficiency virus (HIV)² and has irritable bowel syndrome, high blood pressure and sleep apnea, which are severe impairments³, though not severe enough to meet or equal any listed impairment. (R. 15, 17.) The Law Judge was of the view that plaintiff's impairments could reasonably be expected to produce some of his alleged symptoms; however, his allegations concerning the intensity, duration, and limiting effects of these symptoms were not entirely credible. (R. 18.) He determined that plaintiff retained the residual functional capacity to perform light work with only occasional climbing of ladders, ropes or scaffolds, stooping, kneeling, crouching or crawling, but with frequent climbing of stairs or ramps and balancing. (R. 17.) The Law Judge concluded that plaintiff was able to perform his past relevant work, as those jobs are generally performed in the national economy, and, therefore, that plaintiff was not disabled under the Act. (R. 19-20.)

Plaintiff appealed the Law Judge's decision to the Appeals Council, which found no basis in the record, or in the reasons the plaintiff advanced on appeal, to review the Law Judge's decision. (R. 5-7.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

---

¹The Law Judge noted that subsequent to his alleged disability onset date, plaintiff worked part-time as a librarian and substitute teacher, generally for three hours a day. The Law Judge concluded that this work did not constitute SGA. (R. 14.)

²Plaintiff's HIV is stable and well controlled. (R. 176, 180, 184, 208, 236, 240, 242, 244, 250, 254, 258.)

³The Law Judge found that plaintiff suffered the following impairments, which he did not find severe: Hepatitis C, hernia, gall bladder, and depression. (R. 15.)

2

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527- 404.1545 and 416.927-404.945; *Hayes v. Sullivan*, 907 F. 2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F. 2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. 20 C.F.R. §§ 404.1527 and 416.927; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In the "Memorandum" filed in support of his motion for summary judgment, plaintiff initially argues that the Law Judge erred in finding that he could return to his past relevant work because he cannot perform the work as he actually had performed it. (Plaintiff's Memorandum, pp. 16-18.) In that regard, the Social Security regulations define past relevant work as work "as the claimant actually performed it or *as generally performed in the national economy*." 20 C.F.R. § 404.1560(b)(2)(emphasis added). The Law Judge found that plaintiff had the residual functional capacity to perform light exertional work. (R. 17.) The vocational expert (VE) who was present at the hearing testified that, as generally performed and as stated in the Dictionary of Occupational Titles (DOT), plaintiff's past relevant work as a computer technician and a computer instructor are light to sedentary positions. (R. 349-350.) The VE concluded that plaintiff could perform these jobs, and thus, his past relevant work as it is performed in the national economy. (*Id.*) The Law Judge's decision that plaintiff can return to his past relevant work is supported by substantial evidence.

3

Next, plaintiff contends that the hypothetical question presented to the VE was legally inadequate in that it did not include all of his impairments which impact his ability to perform work-related activities. (Pl's Memorandum, pp. 18-21.) Specifically, plaintiff argues that the inquiry did not account for the fact that, since January 2001 he has suffered "chronic diarrhea on a *daily* basis" which would require him to "repeatedly utilize the bathroom and to change clothes and shower" during the workday. (Pl's Memorandum, pp. 19-20 (emphasis added).) The record does not support plaintiff's argument. For example, at examinations performed on February 1, 2002 (R. 141), March 21, 2002 (R. 183), March 27, 2003 (R. 139), September 25, 2003 (R. 177), January 25, 2004 (R. 139), March 18, 2004 (R. 268), July 18, 2004 (R. 139), September 25, 2004 (R. 268), November 18, 2004 (R. 241), and February 17, 2005 (R. 239), plaintiff either reported *no* complaints of diarrhea or informed his doctor that his problem with diarrhea had been "resolved." Moreover, plaintiff's "chronic diarrhea," which purportedly would cause him to "repeatedly utilize the bathroom and to change clothes and shower," did not preclude him from working part-time as a computer instructor during 2001 through 2002 and as a librarian from 2002 through 2003.[4] (R. 84.) Thus, the hypothetical inquiry was not legally inadequate. *See Walker v. Bowen*, 889 F.2d 47, 50-51 (4th Cir. 1989).

For these reasons, it is recommended that an order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding

---

[4] While plaintiff's part-time work doesn't show that he can perform SGA, it does show that he can work without symptoms as significant as he has alleged.

4

United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

Feb 15, 2007
Date